UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL B. WHITE,

        Appellant,                            Case No. 1:22-cv-11229

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.,

        Appellee.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS**

Between 2006 and 2010, Michael B. White paid for his daughter's college by securing six Department of Education (USDE) student loans, which were eventually serviced by Great Lakes Educational Loan Services. In 2013, he filed for bankruptcy, and the USDE filed a claim to recover the student-loan debt from his bankruptcy estate. Four years later, the Bankruptcy Court issued a standard Chapter 7 discharge order, discharging most of White's debts. But it did not discharge White's student-loan debt, which is nondischargable under the Bankruptcy Code unless the debtor demonstrates undue hardship. After the discharge order was issued, the USDE and Great Lakes reported the student-loan debt as delinquent.

White then initiated this adversary proceeding in the Bankruptcy Court, arguing that his student-loan debt was or should be discharged, and that he is owed damages for the harm caused by the loan appearing on his credit report as delinquent. White argued that the claim the USDE filed in 2017 was invalid and should be disallowed, which would discharge the debt. But disallowing a creditor's claim does *not* discharge a debt; it merely prevents the creditor from

collecting the debt from the bankruptcy *estate*. Indeed, even if the Bankruptcy Court disallowed the USDE's claim, the debt would have survived discharge because it is nondischargable.

Thus, the only viable claims that White asserted in his 12-count Complaint allege that the student-loan debt should be discharged because it caused him undue hardship. With that understanding, the Bankruptcy Court dismissed all White's claims except those relating to the *future* discharge of the student-loan debt. And, because only the creditor may discharge the debt, the loan servicer Great Lakes was dismissed altogether.

White appealed the Bankruptcy Court's dismissal orders here. Then he settled with the USDE and dismissed the USDE from this case. He nevertheless pursues the appeal against Great Lakes. The question before this Court is whether the Bankruptcy Court erred in granting Great Lakes's Motion to Dismiss.

I.

Beginning in 2006, Debtor Michael B. White secured six Parent PLUS loans for his daughter to attend college.[1] *See* Mot., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Mar. 3, 2020), ECF No. 925 at 2. Great Lakes serviced[2] the loans from March 2013 to May 2019, when the loans when into default. ECF No. 12 at PageID.835.

In July 2013, Debtor and his wife jointly filed for Chapter 11 bankruptcy. Pet., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. July 30, 2013), ECF No. 1. Twenty-two days later, the

---

[1] Parent PLUS loans are federal student loans that "[a]n eligible parent" can secure to pay for a dependent child to attend college. *See* 34 C.F.R. § 685.101(b)(3).
[2] "Most student loans are serviced by a third-party servicer who acts as the primary point of contact regarding repayment and account management." Katheryn E. Marcum, Note, *Tightening the Loophole: The Role of Fee-Shifting Statutes in Resolving the Growing Problem of Servicing America's Student Loan Debt*, 119 W. VA. L. REV. 829, 845 (2016).

USDE timely filed a proof of claim[3] against Debtor Michael White ("Claim 5-1"). *See* Cls. Reg., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Aug. 21, 2013). One year later, the Bankruptcy Court converted the case into a Chapter 7 proceeding. Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Aug. 22, 2014), ECF No. 168.

Although Debtor objected to Claim 5-1 in June 2015, he did not properly serve the USDE, so it did not respond.[4] *See* Obj., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. June 12, 2015), ECF No. 356. Twenty months later, Debtor filed an "Omnibus Objection" to 14 creditor claims, including Claim 5-1. Objs., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Feb. 27, 2017), ECF No. 607. Debtor argued Claim 5-1 should be disallowed because the USDE failed to respond to his earlier objection. *Id.* But, again, he did not properly serve the USDE, so it filed no response. Yet the Bankruptcy Court sustained Debtor's objection and dismissed Claim 5-1 with prejudice.[5] Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Apr. 18, 2017), ECF No. 664.

In November 2017, the Bankruptcy Court issued a standard Chapter 7 discharge order. Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Nov. 21, 2017), ECF No. 770. Standard discharge orders enjoin "the commencement or continuation of an action, the

---

[3] A claim is any right to payment that a creditor holds against a debtor. "A proof of claim is a written statement setting forth a creditor's claim" in a bankruptcy case. FED. R. BANKR. P. 3001(a). Filing a proof of claim allows a creditor to recover the debt owed by the debtor from the bankruptcy estate. *See* Erin Berry, Note, *Bankruptcy Law-A Battle of Two Acts:* Midland Funding, LLC v. Johnson, 137 S. Ct. 1407 (2017), 18 WYO. L. REV. 237, 242 (2018). "The weight of authority has held that filing a proof of claim is seemingly analogous to filing a complaint." Natalie Ko, Note, *Precluding FDCPA Claims in Bankruptcy*, 90 ST. JOHN'S L. REV. 1063, 1090 (2016).

[4] Although the disposition of the objection is not altogether clear from the docket in the Bankruptcy Court, Debtor withdrew the objection in February 2021. *See* Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Feb. 11, 2021), ECF No. 1008.

[5] Dismissing or disallowing a creditor's claim means the creditor cannot collect from the debtor's estate; it "does not necessarily discharge that debt." *See In re Cruz*, 277 B.R. 793, 795 (Bankr. M.D. Ga. 2000) (collecting four cases).

employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). But standard discharge orders do not discharge student-loan debt. *See* Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Nov. 21, 2017), ECF No. 770 (noting that "debts for most student loans" not discharged by standard discharge order): *see also* 11 U.S.C. § 523(a)(8)(B) (exempting educational loans from bankruptcy discharge); Kerry Brian Melear, *The Devil's Undue: Student Loan Discharge in Bankruptcy, the Undue Hardship Standard, and the Supreme Court's Decision in* United Student Aid Funds v. Espinosa, 264 EDUC. L. REP. 1, 4 (2011) (explaining that discharge of a student-loan debt requires "an additional adversary proceeding" to prove that paying the debt would cause undue hardship).

In February 2020, Debtor filed a motion for the Bankruptcy Court to hold the USDE in contempt if it did not "correct [its] financial records to reflect no debt is owed and to prompt[ly] notify all major credit reporting agencies no debt is owed." Mot., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Feb. 3, 2020), ECF No. 918. The USDE objected by arguing it never received proper notice of Debtor's objections to Claim 5-1 and, therefore, filed a motion to set aside the April 2017 Order that dismissed Claim 5-1 with prejudice. Mot., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Mar. 3, 2020), ECF No. 925.

The Bankruptcy Court agreed with the USDE and reinstated Claim 5-1. *See* Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Sept. 30, 2017), ECF No. 938. In February 2021, the Bankruptcy Court noted that Debtor had "voluntarily withdrawn" both his 2015 and 2017 objections to Claim 5-1. Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Feb. 11, 2021), ECF No. 1008.

Then, in November 2021, Debtor filed an adversary proceeding against the USDE, Great Lakes, and EGS Financial Care. Compl., *White v. U.S. Dep't of Educ.*, No. 1:21-AP-02038 (Bankr.

E.D. Mich. Nov. 22, 2021), ECF No. 1. Debtor included 12 Counts related to Claim 5-1 and the dischargeability of his student-loan debt.[6] *See id.* Debtor's claims are summarized as follows:

Debtor asserts six arguments for why Claim 5-1 was invalid[7] or should be disallowed (Counts 1–6), one breach-of-contract claim relating to the underlying master promissory note (Count 8-1), three arguments for why the student-loan debt was or should be discharged (Counts 7, 8-1, and 9), and two vague fraud-and-misrepresentation claims. *Id.* at 21–53.

The USDE and Great Lakes each filed a motion to dismiss Debtor's claims, and Debtor filed a motion for summary judgment. *See* Mots., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Jan. 2022), ECF Nos. 16; 17; 27. The USDE argued that Debtor lacked standing to bring any claims except the claims to discharge his student-loan debt. *See* Mot., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Jan. 3, 2022), ECF No. 16. Great Lakes argued that it should be dismissed from Counts 1–9 because it was not a proper defendant, and that Counts 10 and 11 did not state a claim. Mot., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Jan. 17, 2022), ECF No. 17. Great Lakes also concurred with the USDE that Debtor lacked standing to bring the claims related to the disallowance of Claim 5-1 (Counts 1–6). *Id.*

On May 24, 2022, the Bankruptcy Court issued an order addressing each party's motion as follows:

> (1) granting the USDE's Motion to Dismiss all Debtor's claims except Counts 7, 8-2, and 9, which related to the dischargeability of Debtor's student-loan debt, *In re White*, No. 1:13-BK-21977, 2022 WL 1656708 (Bankr. E.D. Mich. May 24, 2022);

---

[6] Notably, throughout his Complaint, Debtor conflates the validity of a creditor's claim with the dischargability of a loan, seeming to argue that disallowing Claim 5-1 would have the same effect as discharging a debt. Not so. *See Cruz v. Educ. Credit Mgmt. Corp. (In re Cruz)*, 277 B.R. 793, 795 (Bankr. M.D. Ga. 2000) ("[T]he [d]issallowance of a claim does not necessarily discharge that debt." (collecting four cases)).
[7] Debtor's argument assumes that, if Claim 5-1 was invalid, then any collection activity or credit reporting relating to the student-loan debt was made in error and violated the discharge injunction.

(2) granting Great Lakes' Motion to Dismiss in full, *In re White*, No. 1:13-BK-21977, 2022 WL 1666892 (Bankr. E.D. Mich. May 24, 2022); and

(3) denying Debtor's Motion for Summary Judgment because all but three claims had been dismissed and factual questions remained regarding Counts 7, 8-2, and 9, *In re White*, No. 1:13-BK-21977, 2022 WL 1653916 (Bankr. E.D. Mich. May 24, 2022).

In June 2022, Debtor filed a notice of appeal here. ECF No. 1. Thirty-eight days later, he stipulated to dismiss the appeal against the USDE.[8] ECF No. 7. Thus, the only remaining reviewable orders are the Bankruptcy Court's Order Granting Great Lakes's Motion to Dismiss and its Order Denying Debtor's Motion for Summary Judgment Against Great Lakes as Moot.

## II.

The district court sits as an appellate court when reviewing decisions of the Bankruptcy Court. 28 U.S.C. § 158. When a bankruptcy-court order is appealed, the bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, and its legal conclusions are reviewed *de novo*. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 935–36 (6th Cir. 2010). An order that grants a motion to dismiss an adversary proceeding is reviewed *de novo*. *Nehasil v. Greiner (In re Greiner)*, 430 B.R. 446, 449 (E.D. Mich. 2010), *aff'd*, 458 F. App'x 436 (6th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) applies to adversary proceedings. FED. R. BANKR. P. 7012(b). "Thus, . . . to survive a motion to dismiss, a plaintiff must allege 'facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level.'" *GCap Holdings, LLC v. Bodley*, No. 2:21-CV-10337, 2022

---

[8] This stipulated dismissal appears to be related to the USDE's discharge of Debtor's student-loan obligations. *See* ECF Nos. 8 at PageID.788 (noting settlement with the USDE); 12 at PageID.831 (noting the loan debt at issue was discharged by settlement with the USDE). But the details of the settlement are unknown to this Court because they were not filed on the docket in Debtor's bankruptcy case, adversary proceeding case, or this appeal.

WL 565585, at *2 (E.D. Mich. Feb. 24, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

And Federal Rule of Civil Procedure 9(b) applies to fraudulent-misrepresentation claims in adversary proceedings. FED. R. BANKR. P. 7009. Thus, the plaintiff "must state with particularity the circumstances constituting fraud or mistake." *Stoner v. Keirns (In re Keirns)*, 628 B.R. 911, 918 (Bankr. S.D. Ohio 2021) (quoting FED. R. CIV. P. 9(b)).

### III.

### A.

Notably, the Parties agree that Debtor's student-loan debt was discharged, and that the USDE was dismissed from the underlying adversary proceeding and this appeal. *See supra* note 8.

Thus, Debtor only seeks damages for the harm he alleges Great Lakes—the loan servicer, not the creditor—caused by collections activity and the reporting of his delinquent loan status to credit reporters. *See* Compl., *White v. U.S. Dep't of Educ.*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Nov. 22, 2021), ECF No. 1 at 8–9. Specifically, he alleges this activity harmed his ability to obtain loans for a new water well. *Id.*

This Court understands Debtor's substantive argument to be that Great Lakes should not have reported the loans as delinquent to creditors because (1) Claim 5-1 was improper for several reasons, thus USDE's claim should have been disallowed, and (2) the student debt was not excepted from his Chapter 7 discharge order, because he did not *personally* receive an educational benefit.[9] Thus, Debtor argues, the loans were discharged in either April or November 2017, so they

---

[9] *But see In re Hamblin*, 277 B.R. 676, 683 (Bankr. S.D. Miss. 2002) (holding that student loans that debtor-parents obtain for the benefit of their child's education are not dischargeable under 11 U.S.C. § 523(a)(8)); *In re Wells*, 380 B.R. 652, 659 (Bankr. N.D.N.Y. 2007) (same); *In re Pietras*, No. 3:10-AP-3169, 2011 WL 4352381, at *4 (Bankr. N.D. Ohio Sept. 16, 2011) (same); *In re Hawkins*, 139 B.R. 651, 653 (Bankr. N.D. Ohio 1991) (same).

were not delinquent and should not have been reported to creditors as such. According to Debtor, the issue in this case is whether Great Lakes violated the bankruptcy-discharge order by attempting to collect the student-loan debt after 2017. ECF No. 8 at PageID.805; *see also* 11 U.S.C. § 524(a)(2) (explaining that a bankruptcy-discharge order "operates as an injunction against" attempts to collect debt from debtor). Importantly, however, Debtor does not allege a violation of the discharge order. He merely objects to Claim 5-1, makes arguments about dischargeability, and vaguely alleges fraudulent misrepresentation.

But this Court need not reach Debtor's substantive arguments because, as the Bankruptcy Court concluded, Debtor did not state a claim against Great Lakes for which relief could be granted.

*Counts 1, 2, 3, 4, 5, and 6*. These Counts are, in substance, objections to the validity of Claim 5-1. *See* Compl., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Nov. 22, 2021), ECF No. 1 at 21–39. But only the trustee may make such objections. *See United States v. Jones*, 260 B.R. 415, 418–19 (E.D. Mich. 2000) (noting that, though debtors may not object to "proof of claims," they "would theoretically have standing to institute an adversary proceeding under FED. R. BANKR. P. 7001 to determine dischargeability issues."). Therefore, the Bankruptcy Court correctly dismissed these claims based on Debtor's lack of standing to bring them.

*Counts 7, 8-2, and 9*. These Counts all relate to the dischargeability of Debtor's student loans. *See* Compl., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Nov. 22, 2021), ECF No. 1 at 39–51. But Great Lakes, as the loan servicer, has no authority to discharge student-loan debt. *See Gavin v. Dep't of Air Force*, 324 F. Supp. 3d 147, 151 (D.D.C. 2018) (holding "that loan servicer had 'no power or authority to discharge [plaintiff's] federally guaranteed student loans'" (alteration in original) (quoting *Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 n.4 (D.D.C. 2010)).

Accordingly, the Bankruptcy Court correctly concluded that these Counts against Great Lakes must be dismissed.

*Count 8-1*. Nor is Great Lakes the proper defendant for Debtor's breach-of-contract claim. The relevant contract—the master promissory note—was between Debtor and the USDE. Because Great Lakes is a nonparty to the contract, it owes no contractual duty to Debtor and, therefore, the breach-of-contract claim must be dismissed. *Khamis v. Atlas Oil Co.*, No. 2:04-CV-73750, 2005 WL 2319001, at *3 (E.D. Mich. Sept. 21, 2005) ("[A] breach of contract claim cannot be maintained against non-parties to the contract."). So this claim must be dismissed against Great Lakes too.

*Counts 10 and 11*. These Counts allege "civil fraud & misrepresentation" and "fraudulent misrepresentation." The Bankruptcy Court held that Debtor lacked standing to bring these claims because they were Debtor's "pre-petition claims" and, thus, belonged to the Estate and could only be brought by the Trustee. *See In re White*, No. 1:13-BK-21977, 2022 WL 1656708, at *3 (Bankr. E.D. Mich. May 24, 2022); *see also Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (explaining that all legal claims that accrued *before* the debtor filed the bankruptcy petition are owned by the debtor's estate). But it is not clear from Debtor's Complaint whether these claims arose before his 2013 bankruptcy petition. *See* Compl., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Nov. 22, 2021), ECF No. 1 at 51–53. And that ambiguity, among others, is precisely why the Bankruptcy Court reached the correct result in dismissing Counts 10 and 11—albeit for the wrong reason.

Debtor has not stated his claim with the "particularity" required for fraud claims. *See* FED. R. CIV. P. 9(b); *see also Armbuster Energy Enters. v. Fifth Third Bank (In re Armbruster Energy Enters.)*, No. 1:04-BK-24042, 2006 WL 4458367, at *2 (Bankr. N.D. Ohio Feb. 23, 2006) ("The

threshold test for a complaint is 'whether it places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer a claim of fraud.'" (quoting *Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir. 1993))).

Debtor does not state the specific statements that he thinks were untrue, the speaker of the statements, where or when the statements were made, or why the statements were fraudulent. *See* Compl., *White*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Nov. 22, 2021), ECF No. 1 at 51–53. True, he incorporated all the factual allegations of his 346-paragraph complaint by reference. *Id.* at 51, 53. Even so, none of those 346 paragraphs specify what the alleged misrepresentation was—let alone the "time, place, and content of the alleged misrepresentation." *See SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) (citing *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008)). Thus, Debtor has not pleaded a sufficient cause of action and these claims must be dismissed. *See U.S. ex rel. Eberhard v. Physicians Choice Lab'y Servs.*, 642 F. App'x 547, 551 (6th Cir. 2016) (unpublished) (affirming dismissal of plaintiff's claim for failing to identify the time, place, and content of the alleged misrepresentation); *Morris v. Paine (In re Morris)*, No. 3:10-BK-04143, 2010 WL 4272868, at *7–8 (Bankr. M.D. Tenn. Oct. 22, 2010) (same).

In sum, none of Debtor's 12 Counts against Great Lakes state a claim for which relief could be granted. Therefore, the Bankruptcy Court's Order Granting Great Lakes's Motion to Dismiss will be affirmed.

**B.**

After dismissing all the claims against granting Great Lakes by granting its Motion to Dismiss, the Bankruptcy Court denied as moot Debtor's Motion for Summary Judgment against

Great Lakes. Having affirmed the Bankruptcy Court's grant of Great Lakes's Motion to Dismiss, Debtor's Motion for Summary Judgment against Great Lakes remains moot.

Therefore, the Bankruptcy Court's Order Denying Debtor's Motion for Summary Judgment Against Great Lakes will be affirmed.

**IV.**

Accordingly, it is **ORDERED** that the Bankruptcy Court's Order Dismissing Debtor's Claims Against Great Lakes, *White v. U.S. Dep't of Educ. (In re White)*, No. 1:13-BK-21977, No. 1:21-AP-02038, 2022 WL 1666892 (Bankr. E.D. Mich. May 24, 2022), is **AFFIRMED**.

Further, it is **ORDERED** that the Bankruptcy Court's Order Denying Debtor's Motion for Summary Judgment Against Great Lakes, *White v. U.S. Dep't of Educ. (In re White)*, No. 1:13-BK-21977, No. 1:21-AP-02038, 2022 WL 1653916 (Bankr. E.D. Mich. May 24, 2022), is **AFFIRMED**.

**This is a final order and closes the above-captioned appeal**.

Dated: March 7, 2023                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge