UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL B. WHITE,

        Appellant,　　　　　　　　　　　　Case No. 1:22-cv-11229

v.　　　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　United States District Judge
GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.,

        Appellee.
_____/

**OPINION AND ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION AND MOTION FOR CLARIFICATION**

Under the Bankruptcy Code, federal student-loan debt is not dischargeable absent a finding of undue hardship. Despite this clearly established law, Appellant Michael B. White, a Chapter 7 Debtor, filed this adversary proceeding in the Bankruptcy Court against the creditor and the servicer of his federal student loans, arguing that his student-loan debt was discharged in 2017 and that he is owed damages for the harm caused by collection attempts after 2017 and by the loan appearing on his credit report as delinquent. The student-loan servicer, Great Lakes Educational Loan Services, Inc., filed a motion to dismiss, which the Bankruptcy Court granted. Appellant appealed, but this Court affirmed the Bankruptcy Court's order in March 2023. Appellant now seeks reconsideration under Civil Rule 59(e) and clarification regarding whether he is required to file a copy of his settlement agreement with the United States Department of Education on the docket. For reasons explained below, both motions will be denied.

**I.**

Between 2006 and 2010, Debtor-Appellant Michael B. White ("Appellant") paid for his daughter's college by securing six United States Department of Education (USDE) student loans,

which were eventually serviced by Appellee Great Lakes Educational Loan Services ("Appellee"). *See* Mot., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Mar. 3, 2020), ECF No. 925 at 2; ECF No. 12 at PageID.835. In 2013, he filed for bankruptcy, Pet., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. July 30, 2013), ECF No. 1, and the USDE filed a claim to recover the student-loan debt from his bankruptcy estate, *see* Cls. Reg., *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Aug. 21, 2013). Four years later, the Bankruptcy Court issued a standard Chapter 7 discharge order, discharging most of Appellant's debts. Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Nov. 21, 2017), ECF No. 770. But it did not discharge his student-loan debt, which is nondischargeable under the Bankruptcy Code unless the debtor demonstrates undue hardship. *See* Order, *In re White*, No. 1:13-BK-21977 (Bankr. E.D. Mich. Nov. 21, 2017), ECF No. 770 (noting that "debts for most student loans" not discharged by standard discharge order): *see also* 11 U.S.C. § 523(a)(8)(B) (exempting educational loans from bankruptcy discharge); Kerry Brian Melear, *The Devil's Undue: Student Loan Discharge in Bankruptcy, the Undue Hardship Standard, and the Supreme Court's Decision in* United Student Aid Funds v. Espinosa, 264 EDUC. L. REP. 1, 4 (2011) (noting that, to discharge student-loan debt, "an additional adversary proceeding" is required to prove that paying the debt would cause undue hardship). After the discharge order was issued, the USDE and Appellee reported the student-loan debt as delinquent. *See* Compl., *White v. U.S. Dep't of Educ.*, No. 1:21-AP-02038 (Bankr. E.D. Mich. Nov. 22, 2021), ECF No. 1 at 8–9.

Appellant then initiated this adversary proceeding in the Bankruptcy Court, arguing that his student-loan debt was or should be discharged, and that he is owed damages for the harm caused by the loan appearing on his credit report as delinquent. *Id.* Appellant argued that the claim the USDE filed in 2013 was invalid and should be disallowed, which would discharge the debt. *Id.* But disallowing a creditor's claim does *not* discharge a debt; it merely prevents the creditor

from collecting the debt from the bankruptcy *estate*. *See In re Cruz*, 277 B.R. 793, 795 (Bankr. M.D. Ga. 2000) (noting that dismissing or disallowing a creditor's claims "does not necessarily discharge the debt."). Indeed, even if the Bankruptcy Court disallowed the USDE's claim, Appellant's debt would still survive discharge because it is nondischargeable. *See* 11 U.S.C. § 523(a)(8)(B) (exempting educational loans from bankruptcy discharge).

Thus, the only viable claims that Appellant asserted in his 12-count Complaint alleged that the student-loan debt should be discharged because it caused him undue hardship. With that understanding, the Bankruptcy Court dismissed all of Appellant's claims except those relating to the *future* discharge of the student-loan debt. *In re White*, No. 1:13-BK-21977, 2022 WL 1653916 (Bankr. E.D. Mich. May 24, 2022). And, because only the *creditor* may discharge the debt, Appellee—the loan *servicer*—was dismissed altogether. *Id.*

Appellant appealed the Bankruptcy Court's dismissal orders here. ECF No. 1. Then he settled with the USDE and dismissed the USDE from this case. ECF No. 7. Thus, the only question before this Court on appeal was whether the Bankruptcy Court erred in granting Appellee's Motion to Dismiss. This Court found that it did not and affirmed the Bankruptcy Court's decision. *See generally White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809 (E.D. Mich. 2023). Appellant then filed a Motion for Reconsideration and a Motion for Clarification. ECF Nos. 18; 19.

In his Motion for Reconsideration Appellant seeks an order that (1) vacates this Court's March 2023 Opinion and Order; (2) vacates the Bankruptcy Court's opinion and order; (3) reinstates Counts 1, 2, 3, 4, 5, 6, 7, First 8, 10, and 11 against Appellee; (4) orders that Counts Second 8 and 9 were not brought against Appellee; (5) remands the case to the Bankruptcy Court; and (6) grants Appellant leave to amend his complaint at the Bankruptcy Court. ECF No. 18 at

PageID.936. Alternatively, he seeks an order from this Court that vacates the Bankruptcy Court's order and grants his motion for summary judgment. *Id.*

In his Motion for Clarification, Appellant seeks an order stating that "it is not necessary for [Appellant] to file a copy of the USDE – White Settlement agreement into the record for this appeal." ECF No. 19 at PageID.960.

Appellee argues Appellant's Motion for Reconsideration, ECF No. 17, lacks merit because it does not identify any circumstance authorizing this Court to amend its judgment. ECF No. 21. Appellee did not respond to Appellant's Motion for Clarification. ECF No. 19.

## II.

Under Civil Rule 59(e), A party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty.*, 402 F. App'x. 107, 108 (6th Cir. 2010).

## III.

Importantly, Appellant's Motion for Reconsideration, ECF No. 18, focuses exclusively on alleged mistakes made by the *Bankruptcy Court*, not any alleged mistake made by *this* Court in its March 2023 Order, ECF No. 14. *See* ECF No. 18 at PageID.943 ("The bankruptcy court made two major errors[.]"). According to Appellant, the Bankruptcy Court made a mistake in its standing

analysis, *see id.* at PageID.949–53, and in its application of 11 U.S.C. § 523(a)(8), *see id.* at PageID.953–56.

But this Court already addressed both of those arguments when it considered the merits of Appellant's appeal, ECF No. 1, and determined that Appellant did not have standing to object to the validity of Claim 5-1, *see White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 815 (E.D. Mich. 2023), and that, under 11 U.S.C. § 523(a)(8), Appellant's student loan debt was *not* discharged by way of the 2017 standard discharge order, *id.* at 813. And Appellant has not identified any error in this Court's legal analysis that warrants an amended judgment. He merely asserts the same legal arguments that were already rejected by both the Bankruptcy Court *and* this Court. Accordingly, his Motion for Reconsideration, ECF No. 18, will be denied.

Turning to Appellant's Motion for Clarification, ECF No. 19, he seeks an order stating that "it is not necessary for [Appellant] to file a copy of the USDE – White Settlement agreement into the record for this appeal." ECF No. 19 at PageID.960. Alternatively, Appellant requests a court order providing direction on *how* to file the settlement agreement he entered into with USDE. But Appellant's Motion for Clarification will be denied as moot, because the case is closed, thus there is no need for him to file anything on the docket.

True, this Court's March 2023 Order made two references to Appellant's settlement with USDE and the unknown terms of that agreement that presumably related to the subsequent discharge of his student-loan debt by the USDE. *See White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 814 n.8 (E.D. Mich. 2023) (noting "the details of the settlement are unknown to this Court because they were not filed on the docket in Debtor's bankruptcy case, adversary proceeding case, or this appeal"). But even if known, the details of that settlement do not change the outcome of Appellant's claims against the Appellee loan servicer. Such details might have

- 6 -

provided more context about the landscape of the case and Appellee's relationship with the USDE. But it does not change this Court's analysis of Appellant's claims against Appellee. So, his Motion for Clarification, ECF No. 19, will be denied as moot.

**IV.**

Accordingly, it is **ORDERED** that Appellant's Motion for Reconsideration, ECF No. 18, is **DENIED**.

Further, it is **ORDERED** that Appellant's Motion for Clarification, ECF No. 19, is **DENIED AS MOOT.**

**This is a final post-judgment order in the closed above-captioned case.**

Dated: February 15, 2024          s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge